FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2018 JUL 23 AM 11: 14
CLERK
SO. DIST OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

EARNEST CLAYTON,

    Plaintiff,

v.

TREZONZA BOBBITT, et al.,

    Defendants.

CIVIL ACTION NO.: 6:18-cv-25

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, (doc. 8), to which Plaintiff filed Objections, (doc. 10). Plaintiff argues that he "is not required to provide specific facts to support [imminent danger of serious physical injury] in his amended complaint." (Id. at p. 1.) However, Plaintiff's contention is meritless. See Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004) (finding persuasive the Eighth Circuit's holding that a "general assertion is insufficient to invoke the exception to § 1915(g) absent *specific fact allegations* of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.") (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)).

In the alternative, Plaintiff filed a Motion for Extension requesting that this Court stay his case until March 20, 2019, so that he may "try to come up with a way to pay the filing fee." (Doc. 9, p. 1.) Plaintiff avers that a dismissal at this stage would function as a "with prejudice" dismissal because his claims would be barred by the statute of limitations. (Doc. 9, p. 1; Doc. 10, p. 2.) While this may be true, dismissal even with prejudice is warranted in Plaintiff's

case. "[D]ismissals with prejudice generally are not appropriate unless the district court finds both that there is a clear record of delay or willful misconduct and that lesser sanctions are inadequate." Hines v. Thomas, 604 F. App'x 796, 800 (11th Cir. 2015) (citing Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006)).

Plaintiff has filed seven additional lawsuits bringing similar, if not identical, claims to the current case.[1] Three of these cases remain pending;[2] the rest were dismissed because Plaintiff failed to amend his complaint to state a claim. In each of these dismissed cases, the Court notified Plaintiff that his complaint was a "shotgun pleading" and due to be dismissed.[3] See Magluta v. Samples, 256 F.3d 1282, 1284–85 (11th Cir. 2001) (refusing to address and decide issues because pleading was a "shotgun pleading" that "is in no sense the 'short and plain statement of the claim' required by [Federal] Rule [of Civil Procedure] 8"). However, the Court repeatedly provided Plaintiff with an opportunity to amend and provided specific instructions as to how Plaintiff could amend to state a viable claim. In response, Plaintiff ignored the Court's directives and continuously filed amended complaints that failed to follow the Court's instructions and were still shotgun pleadings. As soon as the Court entered a final judgment in a case for failure to state a claim or to follow Court orders, Plaintiff would then proceed to re-file a similar, if not identical, complaint.

---

[1] Compl., Clayton v. Williams, No. 6:16-cv-151 (S.D. Ga. Nov. 7, 2016), ECF No. 1; Compl., Clayton v. Williams, No. 6:16-cv-174 (S.D. Ga. Dec. 27, 2016), ECF No. 1; Compl., Clayton v. Davidson, No. 6:17-cv-149 (S.D. Ga. Nov. 27, 2017), ECF No. 1; Compl., Clayton v. Williams, No. 6:17-cv-70 (S.D. Ga. Dec. 6, 2017), ECF No. 1; Compl., Clayton v. Evans, No. 6:17-cv-158 (S.D. Ga. Dec. 11, 2017), ECF No. 1; Compl., Clayton v. Allen, No. 6:18-cv-5 (S.D. Ga. Jan. 16, 2018), ECF No. 1; Compl., Clayton v. Lones, No. 6:18-cv-33 (S.D. Ga. Mar. 28, 2018), ECF No. 1.

[2] Davidson, No. 6:17-cv-149; Evans, No. 6:17-cv-158; and Lones, No. 6:18-cv-33.

[3] In Allen, 6:18-cv-5, the Court dismissed because Plaintiff qualified as a "three-striker" under 28 U.S.C. § 1915(g)—similar to the reasons provided in this case. However, the Court did notify Plaintiff that his complaint in the Allen case was "identical to many of his other complaints already determined to be deficient by this Court" for failing to satisfy the "short and plain statement" requirement of Rule 8. R. & R., Allen, No. 6:18-cv-5 (S.D. Ga. Feb. 5, 2018), ECF No. 6.

This pattern of behavior clearly shows that Plaintiff has willfully ignored this Court's directives, and a lesser sanction would not suffice. Any prejudice resulting from this decision is as a result of Plaintiff's own delay in filing an appropriate complaint in this case or any of his other seven previous iterations of this case.

Finally, even if Plaintiff did not satisfy the standard for prejudicial sanction, Plaintiff's Amended Complaint, (doc. 6), fails to state a claim for which relief may be granted. As addressed in Plaintiff's previous cases, Plaintiff's Amended Complaint is a shotgun pleading. The Eleventh Circuit Court of Appeals has routinely and explicitly condemned "shotgun pleadings," Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 n.54 (11th Cir. 2008), which it has described as pleadings that make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 n.9 (11th Cir. 2002). A district court is not required to "sift through the facts presented and decide for itself which were material to the particular cause of action asserted." Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005) (quoting Strategic Income Fund, 305 F.3d at 1295 n.9). Additionally, a plaintiff may not join unrelated claims and various defendants unless the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). Plaintiff's Amended Complaint asserts a litany of claims against twenty to thirty Defendants[4] and raises issues ranging from poor prison sanitation, excessive force, lack of due process for his placement in segregation, failure to protect, and retaliation. It is a quintessential shotgun pleading, and despite an opportunity to amend and specific instructions regarding how to amend to cure the

---

[4] The exact number and identities of Defendants is unclear as Plaintiff provides two separate lists of Defendants. (Doc. 6, p. 12.)

3

deficiencies, (doc. 5), Plaintiff continued to file a deficient Amended Complaint. Thus, Plaintiff's Amended Complaint may also be dismissed with prejudice for failing to state a claim.

For this reason, the Court **DENIES** Plaintiff's Motion for Extension of Time to pay filing fee. (Doc. 9.) Even if Plaintiff paid the full filing fee, his Amended Complaint would still be dismissed for failing to state a claim for which relief may be granted. See 42 U.S.C. § 1997e(c)(1) ("The court shall on its own motion . . . dismiss any action . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted . . . .").

The Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Report and Recommendation of the Magistrate Judge, as supplemented herein, as the opinion of the Court. The Court **DISMISSES** Plaintiff's Complaint and **DENIES** Plaintiff leave to proceed *in forma pauperis* on appeal. The Court further **DIRECTS** the Clerk of Court to enter an appropriate judgment of dismissal and to **CLOSE** this case.

**SO ORDERED**, this 23rd day of July, 2018.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4